UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald James Davenport,                                         Civil No. 13-690 SRN/AJB

                Petitioner,

v.                                                 **REPORT AND RECOMMENDATION**

C. Nickrenz, Warden,

                Respondent.

      This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on petition pursuant to 28 U.S.C. § 2241 for habeas corpus relief by a federal prisoner. The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. Petitioner Ronald Davenport is confined at the Federal Prison Camp ("FPC") at Duluth, Minnesota, pursuant to conviction and sentencing in United States District Court, Eastern District of Washington, on charges of filing false liens. Mr. Davenport was sentenced in March 2012, to a term of 41 months imprisonment, to be followed by three years supervised release. His current projected release date, with credit for good time, is February 12, 2015.[1] It is petitioner's claim in this action that respondent has improperly denied him credit on his sentence for 19 ½ months of home confinement with electronic monitoring. Respondent opposes the petition, arguing that the period of home confinement was a condition of pretrial release and the petitioner's contention that the time should be applied to 41-month sentence must be rejected. The respondent acknowledges that Mr. Davenport has exhausted his administrative remedies with respect to his claim in this case and that the warden is the correctly named respondent.

---

[1] Decl. of Julie Groteboer, ¶ 3.

**Background and Claims**

Petitioner Ronald Davenport was arrested on July 14, 2010, on a charge of fraud with respect to filing false IRS liens.[2] He pleaded not guilty and was detained following a bail hearing held the following day in United States District Court for the Eastern District of Washington.[3] On August 16, 2010, Mr. Davenport was released on bond with conditions which included home confinement and electronic monitoring.[4] He was found guilty on four false liens offenses and sentencing judgment was imposed on March 26, 2012.[5] The defendant was sentenced to a 41-month term of imprisonment on each count, followed by three years supervised release, with sentences to be served concurrently.[6] Petitioner's sentence was computed from a commencement date of March 26, 2012, and he was given credit for the time from his arrest on July 14, 2010, to his release to home confinement on August 16, 2010.[7] In this habeas corpus action the petitioner argues that he is further entitled to credit against his term of sentence for the time spent in home confinement with electronic monitoring, approximately 19 ½ months. The respondent opposes the petition, asserting that the prisoner cannot be given credit for time spent on home confinement and/or electronic monitoring as a condition of release,

---

[2] Decl. of Hector Solis, ¶ 3, Attach. A [Docket No. 7].

[3] Id.

[4] Id., ¶ 4, Attach. B.

[5] Id., ¶ 5, Attach. C.

[6] Id..

[7] Id., ¶ 6, Attach. D.

2

pursuant to 18 U.S.C. § 3585[8] and BOP Program Statement 5880.28 of the Sentence Computation Manual (CCCA of 1984).[9]

**Discussion**

The conditions under which a defendant in a federal criminal action can obtain credit towards a term of imprisonment are provided at 18 U.S.C. § 3585. The provision applicable to the analysis in the present matter establishes that sentencing credit is available only for time spent in "official detention." 18 U.S.C. § 3585(b); Reno v. Koray, 515 U.S. 50, 55, 115 S.Ct. 2021, 2024 (1995). Sentencing credit can only be awarded for presentence restraints on the defendant's liberty, and authorization for such pretrial restraints arises from the Bail Reform Act

---

[8] 18 U.S.C. § 3585 states in pertinent part:

(a) **Commencement of sentence**.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) **Credit for prior custody**.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed;

[9] Decl. of Hector Solis, ¶ 7, Attach. E,

". . . a release condition that is 'highly restrictive,' and that includes 'house arrest", 'electronic monitoring' or 'home confinement'; or such as requiring the defendant to report daily to the U.S. Marshal, U.S. Probation Service, or other person; is not considered as time in official detention. **In short, under Koray, a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of the bond or release on own recognizance, or as a condition of parole, probation or supervised release**." BOP PS 5880.28, Sentence Computation Manual (CCCA of 1984).

3

of 1984, 18 U.S.C. § 3141 *et seq.* Id., 115 S.Ct. at 2025.  Under the Bail Reform Act the court has two choices in its treatment of a criminal defendant awaiting trial or imposition of sentence, i.e. the defendant can either be (1) "release[d]" on bail or (2) "detained" without bail.  Id. Official detention exists only when the BOP retains the discretion to transfer a prisoner from one penal or correctional facility to another and credit for time spent in official detention is available only to defendants who were detained in a penal or correctional facility.  Id. at 2026.  A critical distinction between defendants who are "released" and those who are "detained" for purposes of obtaining sentencing credit, is that "detained" defendants always remain subject to the control of the Attorney General whereas "released" defendants are not in BOP custody and cannot be summarily relocated except by judicial revocation or modification of the conditions of release. Reno v. Koray, 115 S.Ct. 2021 at 2028.

Petitioner Ronald Davenport was entitled to credit for time spent in federal custody from the time of his arrest to the time of release to home confinement because the Attorney General had full authority and discretion to determine the location and conditions of the detention.  The defendant's placement into home confinement with electronic monitoring was a circumstance of release, determined by the court, and outside the control of the Attorney General.  Mr. Davenport is not entitled to credit against his 41-month sentence for 19 ½ months spent in home confinement prior to commencement of his sentence.  See Villansenor v. Caraway 2006 WL 1662919 (D.Minn., June 14, 2006) (citing Reno v. Koray).

**RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein, it is hereby **recommended** that Ronald James Davenport's Petition for Writ of Habeas Corpus under

4

28 U.S.C. § 2241 [Docket No. 1] and his First Amended Petition [Docket No. 4] be

**DISMISSED** with prejudice.

Dated:     August 16, 2013

    s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before August 30, 2013. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.