**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Ronald James Davenport,<br><br>Petitioner,<br><br>v.<br><br>C. Nickrenz, Warden,<br><br>Respondent. | Case No. 13-cv-690 (SRN/AJB)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Ronald James Davenport, Duluth, Minnesota 55814, *pro se* Petitioner.

D. Gerald Wilhelm and Gregory G. Brooker, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner's Objections [Doc. No. 25] to United States Chief Magistrate Judge Arthur J. Boylan's August 16, 2013, Report and Recommendation [Doc. No. 15]. The Magistrate Judge recommended that Mr. Davenport's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] and his First Amended Petition [Doc. No. 4] be dismissed with prejudice. For the reasons set forth below, the Court overrules Mr. Davenport's objections and adopts the R&R in its entirety.

## II.    BACKGROUND

The R&R documents the factual and procedural background of this case, and the

Court incorporates it here by reference. Briefly stated, Mr. Davenport is confined at the Federal Prison Camp in Duluth, Minnesota, pursuant to a conviction and sentencing in the United States District Court, Eastern District of Washington for filing false liens in violation of 18 U.S.C. § 1521 (counts 1-4). (J. in a Criminal Case [Doc. No. 7-1 at 13].) Mr. Davenport was sentenced to a 41-month imprisonment term on each count, followed by three years of supervised release, with sentences to be served concurrently. (Id. at 14.) Mr. Davenport's sentence was computed from a commencement date of March 26, 2012, and he received credit for the time from his arrest on July 14, 2010, to his release to home confinement on August 16, 2010. (Public Information Inmate Data [Doc. No. 7-1 at 22].) Mr. Davenport was released to the supervision of Ms. Connie Larue and subject to electronic monitoring by the United States Probation Office. (Order Setting Conditions of Release [Doc. No. 7-1 at 5-11].)

In this habeas corpus action, Mr. Davenport claims that he is entitled to further credit against his term of sentence for the time he spent in home confinement with electronic monitoring (approximately 19.5 months). The Magistrate Judge disagreed with Mr. Davenport and recommended that this Court dismiss Mr. Davenport's Petition for Writ of Habeas Corpus and his First Amended Petition with prejudice. (Aug. 16, 2013, Report and Recommendation at 4-5 [Doc. No. 15].) On August 29, 2013, Mr. Davenport objected to the R&R. (Pet'r's Objection to Report and Recommendation [Doc. No. 19].) On September 12, 2013, the Government responded to Mr. Davenport's objections. (Resp. of United States to Pet'r's Objection [Doc. No. 23].) On September 30, 2013, Mr. Davenport objected to the Government's response. (Pet'r's Objection to Resp't's Answer to Pet'r's

Objection [Doc. No. 25].)

### III.  DISCUSSION

#### A.  Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations."  D.Minn. LR 72.2(b)(1).  The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3).  Ordinarily, the district judge relies on the record of proceedings before the magistrate judge.  D.Minn. LR 72.2(b)(3).

#### B.  Objections

Mr. Davenport essentially argues that the months he spent on pre-sentence home confinement should be considered "official detention," because he was under the direct supervision of a federal officer.  (Pet'r's Objection to Aug. 16, 2013, Report and Recommendation at 4 [Doc. No. 19].)  Mr. Davenport objects to the Magistrate Judge's reliance on the United States Supreme Court's definition of "official detention" in Reno v. Koray, 515 U.S. 50, 56 (1995), and he claims that "official detention" instead means "detention by a Federal Officer or employee, or under the direction of a Federal Officer or employee, following arrest for an offense."  (Id. at 3, 5.)

18 U.S.C. § 3585 governs the calculation of an imprisonment term.  This statute provides in relevant part:

> (b) Credit for Prior Custody.—A defendant shall be given credit toward the

> service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). Section 3585(b) must be construed in conjunction with the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, which authorizes federal courts to place presentence restraints on a defendant's liberty. Reno, 515 U.S. at 56. Under the Bail Reform Act, "a defendant suffers 'detention' only when committed to the custody of the Attorney General." Id. at 57.

Mr. Davenport was appropriately credited for his period in federal custody—from the time of his arrest to the time of his release to home confinement—because the Attorney General had full authority to determine the location and conditions of the detention. But when he was later released to home confinement, Mr. Davenport's placement was beyond the control of the Attorney General, and he was under the supervision of a private person. Although Mr. Davenport was subject to electronic monitoring under the United States Probation Office, employees of the probation office are employees of the United States District Court System, which is beyond the Attorney General's control. Thus, the Magistrate Judge properly concluded that Mr. Davenport was not in "official detention" when he was on home confinement, and Mr. Davenport is not entitled to receive presentence credit for this period of time. (Aug. 16, 2013, Report and Recommendation at 4 [Doc. No. 15].)

## IV. ORDER

The Court therefore **OVERRULES** Mr. Davenport's Objections [Doc. Nos. 19, 25] and **ADOPTS** the Magistrate Judge's August 16, 2013, Report and Recommendation [Doc. No. 15]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Mr. Davenport's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] and his First Amended Petition [Doc. No. 4] are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 31, 2013

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge